Civil Action No. 1:18-mc-00261-LPS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br>　　Debtors. | Chapter 11<br>Bankruptcy Case No. 16-11626 (BLS)<br>Jointly Administered |
| MESABI METALLICS COMPANY LLC (f/k/a ESSAR STEEL MINNESOTA LLC),<br>　　Plaintiff & Appellant,<br>　　v.<br>CLEVELAND-CLIFFS, INC. (f/k/a CLIFFS NATURAL RESOURCES, INC.); CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC; GLACIER PARK IRON ORE PROPERTIES LLC,<br>　　Defendants & Appellees. | Adv. Proc. No. 17-51210 (BLS) |
| GLACIER PARK IRON ORE PROPERTIES LLC,<br>　　Counterclaim-Plaintiff & Appellee,<br>　　v.<br>MESABI METALLICS COMPANY LLC,<br>　　Counterclaim-Defendant & Appellant. | Appeal from the<br>United States Bankruptcy Court<br>for the District of Delaware |
| CLEVELAND-CLIFFS, INC., *et al.*,<br>　　Counterclaim-Plaintiff & Appellee,<br>　　v.<br>MESABI METALLICS COMPANY LLC,<br>　　Counterclaim-Defendant & Appellant. | |

---

[1] Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC. The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

**APPELLANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL OF BANKRUPTCY COURT'S ORDER GRANTING APPELLEES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND DENYING APPELLANT'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

**WHITE & CASE LLP**
Thomas E Lauria (*pro hac vice* pending)
Glenn M. Kurtz (*pro hac vice* pending)
Joshua Berman (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone:   (212) 819-8200
Facsimile:    (212) 354-8113
tlauria@whitecase.com
gkurtz@whitecase.com
jberman@whitecase.com

**BAYARD, P.A.**
Justin R. Alberto (No. 5126)
Evan T. Miller (No. 5364)
Daniel N. Brogan (No. 5723)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone:   (302) 655-5000
Facsimile:    (302) 658-6395
jalberto@bayardlaw.com
emiller@bayardlaw.com
dbrogan@bayardlaw.com

Craig H. Averch (*pro hac vice* pending)
Ronald K. Gorsich (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:   (213) 620-7700
Facsimile:    (213) 452-2329
caverch@whitecase.com
rgorsich@whitecase.com

*Attorneys for Appellant Mesabi Metallics Company LLC*

## TABLE OF CONTENTS

**Page**

I. REPLY ...........................................................................................................1

    A. Exceptional Circumstances Warrant Immediate Review ..........................1

    B. Mesabi Satisfies the 28 U.S.C. § 1292(b) Criteria .....................................3

        1. Controlling Question of Law ............................................................ 3

        2. Substantial Ground for Difference of Opinion ................................. 5

        3. Resolution of the Appeal Now Would Materially Advance the Termination of the Litigation............................................................ 8

    C. Mesabi Did Not Waive Its Issues on Appeal ............................................9

II. CONCLUSION .............................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Baroda Hill Invs., Inc. v. Telegroup, Inc.* (*In re Telegroup, Inc.*),
    281 F.3d 133 (3d Cir. 2002)..................................................................................11

*Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032 (7th Cir. 1998)...............................11

*Brookfield Trade Ctr. v. Cty. of Ramsey*, 584 N.W.2d 390 (Minn. 1998).......................7

*Cable Sci. Corp. v. Rochdale Vill., Inc.*, 920 F.2d 147 (2d Cir. 1990) ...........................11

*Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339 (Minn. 2003)..............................4, 6

*EMSI Acquisition, Inc. v. RSUI Indemnity Co.*,
    No. 16-1046-LPS, 2018 U.S. Dist. LEXIS 85193 (D. Del. May 22, 2018) .....................3, 4, 5

*H. K. Porter Co. v. Pa. Ins. Guar. Ass'n*, 75 F.3d 137 (3d Cir. 1996) ...........................11

*Home Instead, Inc. v. Florance*, 721 F.3d 494 (8th Cir. 2013)......................................12

*Hullett v. Towers, Perrin, Forster & Crosby*, 38 F.3d 107 (3d Cir. 1994)...............11, 13

*In re Marvel Entm't Grp., Inc.*, 209 B.R. 832 (D. Del. 1997) .......................................6, 8

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974).........................................4, 5

*Oster v. Medtronic, Inc*, 428 N.W.2d 116, 119 (Minn. Ct. App. 1988) ..........................5

*PAH Litig. Tr. v. Water St. Healthcare Partners* (*In re Physiotherapy Holdings, Inc.*),
    No. 16-201-LPS, 2017 U.S. Dist. LEXIS 209723 (D. Del. Dec. 21, 2017) .............................5

*Rasmussen v. Rasmussen*,
    No. C3-88-768, 1988 Minn. App. LEXIS 1043 (Ct. App. Oct. 18, 1988) ...............7

*Republic Bank v. Carlson*, No. A12-1434, 2013 Minn. App........................................7

### STATUTES AND RULES

28 U.S.C. § 1292(b) .........................................................................................................2

Appellant Mesabi Metallics Company LLC ("**Mesabi**," or, "**Appellant**"), hereby files its reply (i) in support of its *Appellant's Motion for Leave to File Interlocutory Appeal of Bankruptcy Court's Order Granting Appellees' Motions for Partial Summary Judgment and Denying Appellant's Cross Motion for Partial Summary Judgment* [D.I. 1] (the "**Motion**")[2]; and (ii) in response to *Appellees' Response in Opposition to Appellant's Motion for Leave to File Interlocutory Appeal of Bankruptcy Court's Order Granting Appellees' Motions for Partial Summary Judgment and Denying Appellant's Cross Motion for Partial Summary Judgment* [D.I. 5] (the "**Opposition**") filed by Appellees Cleveland-Cliffs, Inc. and Cleveland-Cliffs Minnesota Land Development LLC (collectively, "**Cliffs**") and joined [D.I. 6] by Appellee Glacier Park Iron Ore Properties LLC ("**GPIOP**," and, collectively with Cliffs, "**Appellees**").

## REPLY

**A.    Exceptional Circumstances Warrant Immediate Review**

1.    Cliffs opens the Opposition with the extraordinary claim that Mesabi has "completed its reorganization" because it brought its plan effective in December of 2017. Opp., ¶ 1. As Cliffs knows well, Mesabi emerged from chapter 11 protection with much work to do in order to become operational and

---

[2]    Where the context requires, each capitalized term used but not otherwise defined in this reply shall have the meaning ascribed to such term in the Motion.

meet the financial commitments it made under the Plan. It has to complete construction of its mining, processing, and production facilities, all while maintaining its mineral rights, governmental permits, and other contract rights necessary for the Project to succeed. Hundreds of millions of dollars have been invested in the Project; hundreds of millions more will be needed to complete it. Completing the Project will allow Mesabi to satisfy its obligations to creditors restructured pursuant to the Plan, where a failure of the Project will likely leave those creditors unpaid. In short, while Mesabi's Plan has gone effective, its reorganization is far from finished.

2. Importantly, the Adversary Proceeding below has its genesis in Cliffs' interference with Mesabi's reorganization process. According to Mesabi's allegations in the Amended Complaint, Cliffs has used its monopoly position to frustrate Mesabi's efforts to enter the Great Lakes iron and pellet market by, among other things, threatening to blacklist third parties that deal with Mesabi. Mesabi alleges that Cliffs' transaction with GPIOP, which is the subject of the Bankruptcy Court's Order on Appeal, was intended to deprive Mesabi of its mineral rights. These mineral rights are critical to the Project as they comprise the heart of Mesabi's state-approved mining plan.[3]

---

[3] Notably, the ever-opportunistic Cliffs recently submitted the Order to the State of Minnesota

3. Cliffs' opposition to Mesabi's request for an expedited appeal flows directly from its objective of seeing Mesabi fail. Mesabi's resources are finite and its challenges substantial. The resolution of the Appeal now—whether favorably or unfavorably—will have a material impact on the course of the Project and Mesabi's allocation of resources. As explained in the Motion, if the Appeal is delayed until a final order on the remaining counts in the Amended Complaint, the outcome may become irrelevant. Mesabi submits that the importance of the Appeal to its reorganization efforts, the success or failure of which will impact its numerous stakeholders, including creditors under the Plan, constitutes "exceptional circumstances" warranting immediate review.

### B. Mesabi Satisfies the 28 U.S.C. § 1292(b) Criteria

4. As set forth in the Motion, Mesabi satisfies each requirement of the 28 U.S.C. § 1292(b) standard as applied to the § 158(a)(3) analysis.

#### 1. Controlling Question of Law

5. This Court in *EMSI Acquisition, Inc. v. RSUI Indemnity Co*. recognized that the interpretation of a contract could properly constitute a "controlling question of law." No. 16-1046-LPS, 2018 U.S. Dist. LEXIS 85193, at *7-8 (D. Del. May 22, 2018). While Cliffs refers to non-binding authority and a

---

as part of a ploy to get the state to revoke Mesabi's mining permits. Put another way, at the same time as Cliffs is resisting an immediate review of the Order, it is attempting to derive benefits from it as though it were a final order.

treatise for the contrary view, *see* Opp. ¶ 25, this Court's conclusion in *EMSI Acquisition* was directly in line with controlling authority.

6. As the Court noted, *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), defines a "controlling question of law" as "one that (1) 'would be reversible error on final appeal' or (2) is 'serious to the conduct of the litigation, either practically or legally,'" *id.* at *7, and Delaware and Third Circuit authorities establish that the construction of a contract, and the determination of whether a contract is ambiguous, are each pure legal questions, *id.* at *8 (citing *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992); *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1424 (3d Cir. 1994)). The same is true under Minnesota law. *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003) ("The construction and effect of a contract is [] a question of law . . . ."; "The determination of whether a contract is ambiguous is a question of law . . . .").

7. Cliffs offers no compelling justification for departing from the Court's interpretation of the "controlling question of law" standard in *EMSI Acquisition*. In appealing the Bankruptcy Court's interpretation of the Settlement Agreement,

the Mineral Leases, and the Approval Order,[4] Mesabi has presented a controlling question of law under *Katz* and *EMSI Acquisition.*

### 2. Substantial Ground for Difference of Opinion

8. While disregarding *EMSI Acquisition* for the "controlling question of law" test, Cliffs adopts it for the proposition that an appellant's disagreement with the trial court's interpretation of a contract cannot create "substantial grounds for difference of opinion" because the relevant interpretative tools are well established. Opp., ¶ 28 (citing *ESM Acquisition*, 2018 U.S. Dist. LEXIS 85193, at *8). However, as the Court noted in *PAH Litigation Trust v. Water St. Healthcare Partners L.P.* (*In re Physiotherapy Holdings, Inc.*), "[the substantial grounds for difference of opinion] factor is also met when 'the bankruptcy court's decision is contrary to well-established law.'" No. 16-201-LPS, 2017 U.S. Dist. LEXIS

---

[4] Cliffs now contends that the Bankruptcy Court's interpretation of the Approval Order must be given greater deference than its interpretation of a contract. Below, Cliffs argued that the Approval Order had to be interpreted under contract principles because it was an agreed order of the parties and not written by the Bankruptcy Court. *See* Brief ISO Cliffs MSJ [Adv. D.I. 51] ("Under applicable contract interpretation principles, which apply to the Approval Order here . . . .") (citing *In re Trico Marine Servs., Inc.*, 450 B.R. 474, 482 (Bankr. D. Del. 2011) (Shannon, J.) ("When construing an agreed or negotiated form of order, such as the [Assumption] Order in this case, the Court approaches the task as an exercise of contract interpretation rather than the routine enforcement of a prior court order.")).

In response, Mesabi noted that the Approval Order satisfied the requirements of an amendment to the Settlement Agreement, and reading it as such would serve to reconcile the competing provisions. *See* Mesabi Opp. to Cliffs MSJ [Adv. D.I. 73, ¶¶ 43-50]. The Bankruptcy Court did not consider the Approval Order as controlling over the Settlement Agreement, whether because it was an order or otherwise. *See* Op. 10 n.9.

209723, at *18 (D. Del. Dec. 21, 2017) (quoting *In re Marvel Entm't Grp., Inc.*, 209 B.R. 832, 837 (D. Del. 1997)).  The *Marvel Entertainment* court explained that it would be "absurd" to permit appeals of orders as to which substantial grounds for a difference of opinion exists but not where the decision is contrary to well-established law.  209 B.R. at 837.

9. Mesabi asserts in the Motion that the Order is contrary to well-established law.  *See, e.g.*, Mot. at ¶ 5 ("[T]he Bankruptcy Court's adoption of the Appellee's position is manifest error in the face of contrary plain language in the relevant documents."); ¶ 33 ("This Appeal . . . arises from manifestly conflicting language in the applicable agreements precluding judgment in defendants' favor as a pure matter of law.").

10. As the Bankruptcy Court acknowledged in the Opinion, it is well established that "summary judgment is appropriate where the contract language is clear and unambiguous."  Op., 9 (citing *Tamarind Resort Assocs. v. Gov't of V.I.*, 138 F.3d 107, 110 (3d Cir. 1998)).  Whether a contract is ambiguous is a question of law.  *Borgwarner Turbo Sys.*, 508 F. App'x 180, 183 (3d Cir. 2012).  A contract is ambiguous if its language renders it reasonably susceptible to more than one interpretation.  *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346–47 (Minn. 2003) (quoting *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511,

515 (Minn. 1997)). The corollary is that contract language is unambiguous if "it has only one reasonable interpretation." *Republic Bank v. Carlson*, No. A12-1434, 2013 Minn. App. Unpub. LEXIS 614, at *7 (Minn. Ct. App. July 8, 2013). "A contract containing inconsistent provisions is ambiguous as a matter of law." *Rasmussen v. Rasmussen*, No. C3-88-768, 1988 Minn. App. LEXIS 1043, at *21 (Ct. App. Oct. 18, 1988) (citing *Donnay v. Boulware*, 275 Minn. 37, 41-43 (1966)).

11. As Mesabi laid out in the Motion, in adopting the Appellees' conflicting interpretation of the agreements, the Bankruptcy Court simply ignored provisions of the Settlement Agreement, the Approval Order, and the Mineral Leases that plainly supported Mesabi's read of the documents. *See* Mot., ¶¶ 33-35. Whereas Mesabi's interpretation allowed the Bankruptcy Court "to find harmony between [] and to reconcile" the conflicting provisions as required by Minnesota law,[5] the Bankruptcy Court ignored its mandate to "give meaning to all of [the agreements'] provisions"[6] and accepted the Appellees' interpretation.

12. In short, Mesabi does not appeal on the basis of mere disagreement with the Bankruptcy Court's application of interpretative principles to the relevant documents; rather, it contends that the Bankruptcy Court's decision was contrary to well-established law because it concluded that the agreements unambiguously

---

[5] *Oster v. Medtronic, Inc.*, 428 N.W.2d 116, 119 (Minn. Ct. App. 1988).
[6] *Brookfield Trade Ctr. v. Cty. of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998).

favored Appellees despite plain language that was directly contrary to their interpretation. *See, e.g.*, Mot., 11 (Issue 1) ("Did the Bankruptcy Court err in determining that the language of the Settlement Agreement was unambiguous so as to warrant judgment in favor of the Defendants as a matter of law, notwithstanding conflicting language in the Approval Order, the Settlement Agreement, and the Mineral Leases?"). This satisfies the "substantial grounds for a difference of opinion" prong under *Marvel Entertainment Group*. 209 B.R. at 837.

### 3. Resolution of the Appeal Now Would Materially Advance the Termination of the Litigation

13. As set forth in the Motion, proceeding with the Appeal now will avoid duplication of efforts in discovery and trial in the event Mesabi ultimately prevails. Delaying the Appeal on the discrete contract issues until a final order on the complex antitrust and other tort claims could mean the Appeal will not be heard for years. Proceeding with the Appeal now may allow the parties to conduct discovery on and try all issues at once.

14. As Cliffs acknowledges, discovery has yet to begin. Opp., ¶ 33. Based on its interpretation of the Opinion, Cliffs is prepared to resist all discovery into matters in any way relating to its transaction with GPIOP at all.[7] If Mesabi is

---

[7] Appellees' form of proposed order pursuant to the Opinion included the provision "no discovery may be taken concerning any conduct by the Cliffs Defendants or GPIOP relating to

even in a position to prosecute the Appeal when the remaining counts of the Amended Complaint are disposed by final order, and it prevails, the parties will have to return to discovery on the contract issues years after the fact. As noted in the Motion, the Southern District of New York found that similar circumstances in *Pollack v. Laidlaw Holdings* warranted interlocutory review. 90 Civ. 5788 (PKL), 1993 U.S. Dist. LEXIS 8783, at *10-11 (S.D.N.Y. June 25, 1993).

### C. Mesabi Did Not Waive Its Issues on Appeal

15. Cliffs finally argues that Mesabi's request for an interlocutory appeal should be denied because Mesabi waived the issues it presents for Appeal by not raising them to the Bankruptcy Court. Cliffs is wrong that Mesabi failed to raise its issues to the Bankruptcy Court and the reasoning underlying Cliffs' assertion defies logic.

16. The central issue Mesabi raises for its Appeal is whether the Bankruptcy Court erred "in determining that the language of the Settlement Agreement was unambiguous so as to warrant judgment in favor of the Defendants as a matter of law, notwithstanding conflicting language in the Approval Order, the Settlement Agreement, and the Mineral Leases[.]" Mot., 11. This issue is the

---

the December 9, 2017 transfer of GPIOP's interests to Cliffs Minnesota." Adv. D.I. 101 at Ex. A, ¶ 2. This unwarranted and overbroad request was properly rejected by the Bankruptcy Court. Nonetheless, the Appellees are clearly prepared to fight Mesabi to prevent it from looking into matters pertaining in any way to their transaction. *See also* Opp., ¶ 33.

same as arguments it made to the Bankruptcy Court—that the Appellees could not have summary judgment because their interpretation was incompatible with the unambiguous language that supported Mesabi's interpretation.

17. Cliffs responds that Mesabi is foreclosed from appealing on this basis because it argued to the Bankruptcy Court that the agreements were unambiguous. Cliffs ignores the key qualifier to Mesabi's argument: that the language of the agreements unambiguously *supported Mesabi's interpretation*. The necessary corollary to this is that the language did *not* unambiguously support Cliffs' *contrary* position. Moreover, in arguing that its interpretation was correct, Mesabi necessarily argued that its interpretation was at least reasonable.[8] The Bankruptcy Court was obliged to consider all consequences of Mesabi's arguments in weighing the parties' competing motions for summary judgment, including whether they

---

[8] As the district court explained in *Guidance Endodontics, LLC v. Densply Int'l, Inc.*:

> When a party asserts that a contract is unambiguous, that party is often taking the position that the only reasonable interpretation of the contract is the one that the party proposes. When a party concedes that a contract is ambiguous, it is admitting that there might be other reasonable constructions of the contract, but nevertheless arguing that the Court should adopt that party's construction, instead of the construction advocated by the opposing party. In both situations, the party believes the Court should adopt its construction and should reject that of the opposing party; the only difference is whether the party is willing to acknowledge that some other construction is reasonable. Switching between arguing that a contract is ambiguous and that it is unambiguous is not, without more, a change in the parties' theory or litigation position.

743 F. Supp. 2d 1235, 1263 (D.N.M. 2010).

rendered the agreements ambiguous. Conducting a *de novo* review on appeal,[9] this Court is bound by the same rules.

18. "The process of interpreting a contract requires the court to make a preliminary inquiry as to whether the contract before it is ambiguous." *Hullett v. Towers, Perrin, Forster & Crosby*, 38 F.3d 107, 111 (3d Cir. 1994) (citing *Stendardo v. Federal Nat'l Mortgage Ass'n*, 991 F.2d 1089, 1094 (3d Cir. 1993)).

19. This is true even where the parties argue the unambiguous language supports their respective competing conclusions. *See id.* (reversing grant of motion for summary judgment and denial of cross motion on contract issue due to trial court's failure to apprehend ambiguity); *see also Cable Sci. Corp. v. Rochdale Vill., Inc.*, 920 F.2d 147, 151 (2d Cir. 1990) (in case where "both parties moved for summary judgment and also took the position that the language of the contract was unambiguous," court was bound to examine the contract language "first to see if it is ambiguous"); *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1037 (7th Cir. 1998) ("Both parties here urge, as their first line of argument, that the language is unambiguous and supports their own interpretation. Both can be wrong, but both cannot be right. If we find one proposed interpretation to be reasonable, we must

---

[9] *H. K. Porter Co. v. Pa. Ins. Guar. Ass'n*, 75 F.3d 137, 140 (3d Cir. 1996) ("Our review of a grant or denial of summary judgment by the district court is plenary."); *Baroda Hill Invs., Inc. v. Telegroup, Inc.* (*In re Telegroup, Inc.*), 281 F.3d 133, 136 (3d Cir. 2002) (district court sitting as appellate court conducts same *de novo* review as review by circuit court).

ascertain whether the other interpretation is likewise reasonable. If it is, that would show that the language used is reasonably or fairly susceptible to having more than one meaning. In that case the contract would seem, at least at first blush, ambiguous.") (internal quotations and citations omitted); *Home Instead, Inc. v. Florance*, 721 F.3d 494, 498 (8th Cir. 2013) ("Where both parties claim a contract unambiguously supports their respective positions, the court must determine whether the contract is unambiguous.").

20.   In order to find that Appellees' position was correct under the unambiguous terms of the agreements, the Bankruptcy Court necessarily found that the agreements were not ambiguous. To reach this conclusion, the Bankruptcy Court had to conclude that Mesabi's interpretation was not even reasonable, much less unsupported by the unambiguous plain language as Mesabi contended. *See* ¶ 10, *supra*. The Bankruptcy Court further necessarily found that Appellees' interpretation was not contrary to the plain language of the agreements.

21.   In arguing below that its interpretation was correct, Mesabi preserved the argument that its interpretation was reasonable and that Appellees' was not because it was contrary to the plain language of the agreements. Mesabi is entitled to maintain this position on Appeal. In reviewing the Bankruptcy Court's decision

*de novo*, *Hullett* requires that this Court consider in the first instance whether the agreements are ambiguous.

22. Mesabi has not waived its issues on Appeal. Nor do Appellees' arguments limit the manner or scope of this Court's review of the Bankruptcy Court's order, including *de novo* consideration of whether the agreements are ambiguous such that summary judgment was unwarranted.

## II. CONCLUSION

WHEREFORE, Mesabi requests that this Court (a) exercise its discretion to consider the Appeal on an interlocutory basis; and (b) grant such other and further relief as the Court deems just and proper.

Dated: September 21, 2018

| | |
|---|---|
| **WHITE & CASE LLP**<br>Thomas E Lauria (*pro hac vice* pending)<br>Glenn M. Kurtz (*pro hac vice* pending)<br>Joshua Berman (*pro hac vice* pending)<br>1221 Avenue of the Americas<br>New York, New York 10020-1095<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>tlauria@whitecase.com<br>gkurtz@whitecase.com<br>jberman@whitecase.com<br><br>Craig H. Averch (*pro hac vice* pending)<br>Ronald K. Gorsich (*pro hac vice* pending)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>caverch@whitecase.com<br>rgorsich@whitecase.com | **BAYARD, P.A.**<br><br>By: */s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Evan T. Miller (No. 5364)<br>Daniel N. Brogan (No. 5723)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>jalberto@bayardlaw.com<br>emiller@bayardlaw.com<br>dbrogan@bayardlaw.com |

*Attorneys for Appellant Mesabi Metallics Company LLC*